**ORIGINAL**

# In the United States Court of Federal Claims

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | **FILED** |
| JOHN BRACK, * | | JUN 1 9 2015 |
| * | | |
| Plaintiff, * | | U.S. COURT OF |
| v. * | | FEDERAL CLAIMS |
| * | No. 12-4209C | |
| UNITED STATES, * | Filed: June 19, 2015 | |
| * | | |
| Defendant. * | | |
| * | | |
| * * * * * * * * * * * * * * * | | |

ORDER

    Plaintiff is one of twelve current or former employees of the United States Department of Agriculture, Forest Service, employed in the Los Padres National Forest in California, who filed a complaint on January 19, 2012, to recover $2,500,000.00 in damages. The complaint brought by these plaintiffs was filed in the United States District Court for the Central District of California on behalf of the plaintiffs by counsel. Subsequently, however, plaintiffs filed a stipulation of dismissal in that court, and the District Court dismissed the complaint, without prejudice. See Casey D. Allen, et al., v. Ed Schafer, et al., No. 08-8391 (C.D. Cal. Dec. 8, 2009). When plaintiffs filed their complaint in the United States Court of Federal Claims on January 19, 2012, they were represented by different counsel. Plaintiffs' original attorney of record in this court was Michael D. Daniels. Subsequently, Bennett Rolfe, who was one of the original attorneys in the District Court case, replaced Mr. Daniels as plaintiffs' counsel. After Mr. Rolfe passed away, certain plaintiffs filed motions to represent themselves pro se, which the court granted, continuing their cases pursuant to the initial complaint filed by the plaintiffs in this court.

    On October 7, 2013, the court consolidated plaintiff's case with the eleven other pro se plaintiffs. After consolation, the defendant filed a motion to dismiss count two in plaintiffs' complaint, plaintiffs' breach of contract claims. On January 22, 2015, this court issued an opinion in the above captioned cases dismissing count two in plaintiffs' complaint, plaintiffs' breach of contract claims. On February 4, 2015, the court issued an order instructing:

> each plaintiff shall file with the court, and send copies to the defendant, a notice indicating whether or not each such individual wishes to proceed with count one of their complaint, the Fifth Amendment takings claims. The notice shall be filed on or before **Friday, February 20, 2015**. Plaintiffs may consult private counsel or continue to proceed pro se, which is currently their status in the cases filed in this court. Plaintiffs also may confer with

counsel of record for the defendant prior to filing their notice of whether or not they intend to proceed with their case. Although this court order requires either a positive or negative notice of intent to proceed to be filed by each plaintiff, failure to file in a timely manner will be understood by the court as indication that the individual does not wish to proceed and that the plaintiff's case should be dismissed.

Only Mr. Brack responded to the court instruction to all the plaintiffs to file a notice with the court if they wished to proceed with the balance of their claims. Mr. Brack so indicated, stating: "The purpose of this notice is to inform the court that I (John w Brack-plaintiff) in case No.124209c wish to precede with judication [sic] of count one (Fifth Amendment takings claim) of my complaint. I believe I can meet the standards outlined by law to establish a valid claim."

On April 20, 2015, the defendant filed a motion to dismiss. Plaintiff has not timely filed a response to the motion to dismiss. As noted in the court's March 2, 2015 Order:

> In the event defendant files a motion to dismiss, on or before **Monday, May 11, 2015**, Mr. Brack shall file a response to the motion to dismiss. Mr. Brack indicated in his unfiled notice that "I believe I can meet the standards outlined by law to establish a valid claim." In his response, Mr. Brack, shall identify, in detail, those standards in an effort to defeat the motion to dismiss, with the necessary citations. Mr. Brack should be aware that when plaintiffs were represented earlier by Mr. Michael Daniels, Mr. Daniels filed a limited response, which Mr. Brack should review and incorporate, if appropriate, to his response to the motion to dismiss. On or before **Friday, May 22, 2015,** defendant may file its reply.

Therefore, on May 29, 2015, the court issued an Order indicating if "Mr. Brack does not file a response to the motion to dismiss on or before **Friday, June 12, 2015**, the court will dismiss Mr. Brack's case for failure to prosecute." (emphasis in original). As of June 19, 2015, plaintiff has not filed a response. Therefore, plaintiff's claims are **DISMISSED**, with prejudice. The Clerk's Office shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED**.

**MARIAN BLANK HORN**
**Judge**